IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MANDI MARIE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV74 |
| | ) | |
| CAROLINA FIRE CONTROL INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This case is brought by Plaintiff Mandi Marie Alexander ("Plaintiff") and Plaintiff alleges claims pursuant to the Family Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, and North Carolina state law for wrongful discharge. The matter currently before the Court is a Partial Motion to Dismiss [Doc. #5] filed by Defendant Carolina Fire Control Inc. ("Defendant"). Specifically, in the Partial Motion to Dismiss, Defendant requests that the Court dismiss Plaintiff's FMLA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Furthermore, Defendant requests that the Court dismiss–or alternatively, strike–Plaintiff's claim for punitive and emotional distress damages, to the extent Plaintiff requests such damages for Defendant's alleged violations of the FMLA. For the reasons discussed below, the Court will grant in part and deny in part Defendant's Partial Motion to Dismiss.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations of Plaintiff's Complaint are taken as true for purposes of Defendant's Partial Motion to Dismiss. Plaintiff was employed by Defendant "from in or about October, 2007 until her dismissal on January 9, 2013 as a Project Manager." (Compl. [Doc. #1],

¶ 6.)  In the summer of 2012, Plaintiff informed Defendant that her minor son was diagnosed with cancer and that she needed to take time off from work, on an intermittent basis, to care for her son.  (Id. at ¶ 8.)  Thereafter, Defendant's Human Resource Department representative mailed Plaintiff the FMLA paperwork, for Plaintiff to present to her physician, so that she could take FMLA leave to care for her son.  (Id. at ¶ 9.)  In August of 2012, before Plaintiff applied for FMLA leave, Defendant's owners called Plaintiff into a meeting and Plaintiff alleges that the owners discouraged Plaintiff from completing her FMLA paperwork.  (Id. at ¶ 10.)  Specifically, the owners told Plaintiff that she did not need to request FMLA leave because they would allow Plaintiff "to work a reduced number of hours and that she would be allowed to work from a remote location by laptop so that she could provide care for her son without using FMLA." (Id.)  Because of the owners' representations, Plaintiff did not complete the FMLA paperwork. (Id. at ¶ 11.)  From August 2012 to January 9, 2013, Plaintiff continued to work for Defendant, in excess of 30 hours per week but less than 40 hours per week, while caring for her son.  (Id. at ¶¶ 12-14.)  During this time period, Plaintiff either worked from Defendant's facility or from a remote location.  (Id. at ¶ 13.)  As a result of working less than 40 hours per week and working from a remote location, Plaintiff was not always available for office activities and was not able to "immediately respond to supervisors' communication[s], such as emails or phone calls."  (Id. at ¶ 14.)  On January 9, 2013, Defendant informed Plaintiff that she was terminated for insubordination.  (Id. at ¶ 15.)  Plaintiff alleges that Defendant failed to explain to her how she had been insubordinate and Plaintiff alleges that she was not insubordinate.  (Id.)  Plaintiff also alleges that Defendant did not previously inform her that her job was in jeopardy and Plaintiff

alleges that she had not been disciplined prior to her termination. (Id. at ¶ 16.) Several months after being terminated, Plaintiff filed her Complaint [Doc. #1], which included claims under the FMLA, Title VII of the Civil Rights Act of 1964, and North Carolina state law. The only claim at issue in the instant Partial Motion to Dismiss [Doc. #5] is the FMLA claim.[1]

II. MOTION TO DISMISS

A. Standard of Review

Defendant's Partial Motion to Dismiss [Doc. #5] is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A motion made pursuant to Rule 12(b)(6) " 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.' " Id. at 243-44 (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts " 'take the facts in the light most favorable to the plaintiff,' but '[they] need not accept the legal conclusions drawn from the facts,' and '[they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'

---

[1] Although the parties have not addressed this point, it does not appear that Plaintiff included facts underlying her FMLA claim in her EEOC Complaint, which appears to be limited to facts related to her Title VII claim and her North Carolina wrongful discharge claim. See EEOC Charge [Doc. #1-1]. However, it does not appear that Plaintiff would be required to include FMLA related facts in her EEOC Charge. See Reed v. Md. Dep't of Human Res., No. ELH-12-0472, 2013 WL 489985, at *14 n.9 (D. Md. Feb. 7, 2013) ("[T]he Court is not aware of any requirement that a plaintiff must file an EEOC Charge prior to instituting suit under the FMLA.").

3

" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955) (citations omitted)). Thus, dismissal of a complaint is proper only where plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.' " Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683, 129 S. Ct. 1937).

B.  FMLA Claim

In the present case, Defendant argues that Plaintiff's Complaint fails to state claims for interference or retaliation under the FMLA. Additionally, Defendant argues that the Court should dismiss Plaintiff's claim for punitive and emotional distress damages, to the extent

4

Plaintiff requests such damages for Defendant's alleged violations of the FMLA. The Court will address these arguments below.

1. Interference

Under 29 U.S.C. § 2615(a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. To prevail on a FMLA interference claim, Plaintiff must establish that (1) she was "eligible for the FMLA's protections"; (2) her "employer was covered by the FMLA"; (3) she "was entitled to leave under the FMLA"; (4) she "provided sufficient notice of [her] intent to take leave"; and (5) her "employer denied [her] FMLA benefits to which [she] was entitled." Burnett v. LFW Inc., 472 F.3d 471, 474 (7th Cir. 2006); see Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011); Hoge v. Honda Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004); Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing Edgar v. JAC Prods., Inc., 443 F.3d 501, 507 (6th Cir. 2006)). It appears that the parties arguments are directed towards the fifth element of the FMLA interference claim, to the extent Plaintiff argues that Defendant's actions can be interpreted as denying her FMLA benefits that she was entitled to. In this case, Plaintiff alleges that Defendant terminated Plaintiff for "her otherwise FMLA covered absences and/or interfering with her FMLA rights", (Compl. at ¶ 35), in violation of the FMLA. However, Defendant argues that Plaintiff's FMLA claim should be dismissed because Plaintiff alleges that she did not take FMLA leave and Plaintiff has not alleged that she applied for FMLA leave and was later denied such a request. The Court will address these arguments in turn.

5

Actions by the employer that would constitute interference with an employee's FMLA rights include "refusing to authorize FMLA leave", "discouraging an employee from using such leave", avoid[ing] responsibilities under FMLA", and "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." Bosse v. Baltimore Cnty., 692 F. Supp. 2d 574, 585 (D. Md. 2010) (internal quotation marks omitted) (quoting Glunt v. GES Exposition Servs., Inc., 123 F. Supp. 2d 847, 870 (D. Md. 2000) (quoting 29 C.F.R. § 825.220(b), (c))). In this case, Plaintiff has alleged that (1) she informed Defendant that her son was diagnosed with cancer and that she would need time off from work on an intermittent basis; (2) Defendant initially gave Plaintiff FMLA paperwork to present to a doctor in order to receive FMLA protection; (3) the employer, through its owners, later told her that Plaintiff did not need to request FMLA leave because Defendant would allow her to work a reduced number of hours and from a remote location without having to resort to using FMLA leave; and (4) she did not complete the FMLA paperwork because of the statements by Defendant's owners. (See Compl. at ¶¶ 8-11.) Thus, based on these allegations, the Court finds that Plaintiff has sufficiently alleged that Defendant interfered with her FMLA rights, to the extent Defendant's actions, in assessing the allegations in the Complaint, can be construed as discouraging Plaintiff from applying for any intermittent FMLA leave.

However, "[i]n order to establish a claim for violation of the FMLA, including interference of rights thereunder, [Plaintiff] ha[s] to prove not only the fact of interference, but also that the violation prejudiced her in some way." Anderson v. Discovery Commc'ns, LLC, 517 F. App'x 190, 197-98 (4th Cir. 2013) (citing Ragsdale v. Wolverine World Wide, Inc., 535

U.S. 81, 89, 122 S. Ct. 1155, 152 L. Ed. 2d 167 (2002) and 29 U.S.C. § 2617(a)(1)). "Prejudice exists where an employee loses compensation or benefits 'by reason of the violation,'"; "sustains other monetary losses 'as a direct result of the violation,'"; or "suffers some loss in employment status remediable through 'appropriate' equitable relief." Reed v. Buckeye Fire Equip., 241 F. App'x 917, 924 (4th Cir. 2007) (quoting §§ 2617(a)(1)(A)(i)(I), (A)(i)(II), (B)) ; see Ragsdale, 535 U.S. at 89, 122 S. Ct. 1155. In this case, Defendant argues that Plaintiff has suffered no prejudice because it accommodated Plaintiff by allowing her to work reduced hours "above and beyond the twelve (12) week unpaid leave guaranteed by FMLA."[2] (Mem. in Supp. of Partial Mot. to Dismiss [Doc. #6], at 5-6.) Defendant cites to Croy v. Blue Ridge Bread, Inc., No. 3:12-CV-00034, 2013 WL 3776802 (W.D. Va. July 15, 2013) and Campbell v. Verizon Virginia, Inc. 812 F. Supp.2d 748 (E.D. Va. 2011), aff'd, 474 F. App'x 167 (4th Cir. 2012) for the proposition that Defendant provided greater benefits than what was required under the FMLA and, thus, Plaintiff cannot show that she was harmed by Defendant's actions. However, the Court finds that the facts of Croy and Campbell are factually distinguishable from the facts in this case. In Croy, the plaintiff argued that when the defendant-employer reduced the plaintiff's work hours

---

[2] Defendant asserts, in its brief supporting its Partial Motion to Dismiss, that it paid Plaintiff for the additional hours that she did not work and that Defendant paid Plaintiff her full salary and benefits during the time that Plaintiff was working a reduced schedule while taking care of her son. However, the Court notes that these facts are not alleged in the Complaint. "[O]n a Rule 12(b)(6) motion, this [C]ourt's review is limited to the facts as alleged in the Complaint." May v. Town of Highlands, No. 2:06CV33, 2007 WL 925508, at *6 (W.D.N.C. Mar. 23, 2007); see Gladden v. Winston Salem State Univ., 495 F. Supp. 2d 517, 519 n.1 (M.D.N.C. 2007) ("Generally, only allegations in the Complaint are considered in deciding a Rule 12(b)(6) motion to dismiss."). As such, the Court will not consider such statements at this stage of the proceedings.

for a ten-day period, the employer should have designated the missed hours as FMLA leave, and the failure to do so violated the FMLA. Croy, 2013 WL 3776802, at *8. In concluding that the plaintiff's FMLA interference claim failed, the district court determined that the plaintiff was not prejudiced by the defendant-employer's failure to designate the hours the plaintiff missed while working a reduced work schedule as FMLA leave because the defendant-employer paid the plaintiff his full rate during this ten day period. Id. However, in this case, Plaintiff has not specifically argued that just the hours she missed from work on her reduced work schedule should have been designated as FMLA leave. In this case, Plaintiff has alleged that she was discouraged from taking intermittent FMLA leave by Defendant and she was later terminated for her alleged failure to satisfactorily perform her work duties during a period where she worked a reduced schedule and during a period that, arguably, should have been covered under the FMLA. Plaintiff also argues that as a result of her absences to care for her son, which would have been covered as intermittent FMLA leave but for Defendant discouraging Plaintiff from taking such leave, Plaintiff was not able to fully perform the requirements of her job, which was the purported basis of her termination. Notably, in Croy, the plaintiff was not terminated during the ten-day period that he worked reduced hours. See Croy, 2013 WL 3776802, at *1, 8. This fact would appear to be important, as Plaintiff argues that her termination (and the resulting loss in salary and benefits), which occurred during the time Plaintiff was working a reduced schedule, was the prejudice she suffered from Defendant allegedly discouraging Plaintiff from taking intermittent FMLA leave. (See Compl. at ¶ 36 ("Defendant's termination of Plaintiff in violation of the FMLA caused damages to Plaintiff including but not limited to losses in wages, salary and

8

employment benefits").) Furthermore, as previously stated, see supra n.2, the Court will not credit Defendant's assertions that it compensated Plaintiff for additional hours she did not work at the motion to dismiss stage, as those facts are not alleged in the Complaint. In Croy, the fact that the defendant-employer paid the plaintiff his full salary and benefits during his reduced work hours was a dispositive factor in the court's determination that the plaintiff suffered no prejudice. Id. at *8. However, the Court notes that in Croy, the district court properly considered such evidence as it was assessing the plaintiff's FMLA claim at summary judgment, id. at *1, and not at the motion to dismiss stage, as is the posture of this case, where the Court is merely scrutinizing the sufficiency of the Complaint. Thus, the Court finds that the facts of this case are markedly different than the facts in Croy.

Additionally, the Court is not persuaded by Defendant's reference to the Campbell decision to compel a different result in this case, to the extent Defendant argues that Campbell requires that the Court dismiss Plaintiff's FMLA interference claim for failure to plead facts showing prejudice. In Campbell, the issue before the court was whether the defendant-employer "breached a series of regulatory notice requirements" concerning how the employer designated paid leave as FMLA leave without providing notice. Campbell, 812 F. Supp. 2d at 756. The court ultimately determined that because the Campbell plaintiff's FMLA leave could have been unpaid,[3] but the defendant-employer paid him during the time of such leave, that the defendant-employer could not be liable for providing greater benefits than that required under the FMLA. Id. The facts of this case differ from the facts in Campbell because the question before the

---

[3] Under the FMLA, the leave period "may consist of unpaid leave." 29 U.S.C. § 2612(c).

Court is not whether Plaintiff was prejudiced by Defendant designating Plaintiff's FMLA leave as paid or unpaid leave. Indeed, Defendant argues that Plaintiff has alleged that her reduced working schedule was not designated as, or should not be considered, FMLA leave, because Plaintiff alleged that she never applied for FMLA leave. Rather, the issues before the Court appear to be whether Plaintiff was improperly discouraged from taking intermittent FMLA leave and whether she was terminated because of circumstances related to her being discouraged from taking any requested FMLA leave. Furthermore, the Campbell court explicitly found, in determining that there was no issue of unlawful interference under the FMLA in that case, that the defendant-employer "never questioned the approval of intermittent FMLA leave; . . . . it never attempted to prevent Campbell from exercising those rights; and . . . it never complained about his doing so." Id. As previously stated, in this case and based on the allegations in the Complaint, Plaintiff has alleged that she was discouraged from taking intermittent FMLA leave by Defendant.

In sum, it appears that Plaintiff has alleged that if Defendant had not discouraged her from taking intermittent FMLA leave and had not, instead, suggested that she work a reduced hours schedule, Plaintiff would have not been terminated from her job (for unsatisfactory job performance) because the periods for which she was unavailable or absent would have been covered under her request for FMLA leave. Although it will ultimately be Plaintiff's burden to show that Defendant interfered with her rights under the FMLA and that she was prejudiced by such an interference, the Court does not find that Plaintiff's Complaint fails to state a claim for a FMLA violation, to the extent Plaintiff alleges that Defendant discouraged her from taking

10

intermittent FMLA leave and she was prejudiced, when she was terminated, by Defendant's actions.[4]  See Greene v. YRC, Inc., No. MJG-13-0653, 2013 WL 6537742, at *8 (D. Md. Dec. 12, 2013) (finding allegations in the complaint to be plausible to support a conclusion that the plaintiff would not have been terminated if he did not leave work to seek medical treatment); see also Edusei v. Adventist Healthcare,Inc., No. DKC 13-0157, 2014 WL 3345051, at *6 (D. Md. July 7, 2014) ("The Fourth Circuit has never expressly held that termination can be brought as an interference claim, but notably when examining a district court decision granting summary judgment on such a claim, it made no indication that the claim was not viable under the interference theory." (citing cases)); cf. Muldrow v. Blank, PWG-13-1200, 2014 WL 938475, at *9 (D. Md. Mar. 10, 2014) ("Indeed, although Plaintiff does allege constructive discharge, he does not contend that the purported FMLA interference led to his constructive discharge.").

2. Retaliation

Defendant also asserts that to the extent Plaintiff raises a FMLA retaliation claim, Plaintiff's Complaint fails to state such a claim.  In this case, based on Plaintiff's Response Brief [Doc. #10], Plaintiff does not appear to respond to Defendant's contention that she has failed to state a FMLA retaliation claim.  Indeed, based on the content of her response and the headers outlining the specific subjects of her response, Plaintiff only responds to Defendant's contention that Plaintiff has failed to state a FMLA interference claim and a claim for punitive and

---

[4] As Plaintiff has argued, Defendant does not make any argument with regard to Plaintiff meeting, or alleging, the first four elements of her FMLA interference claim.  (See Pl.'s Mem. in Opp'n to Def.'s Partial Mot. to Dismiss [Doc. #10], at 5.)  As such, the Court will not address those elements.

emotional distress damages. As Plaintiff has not addressed Defendant's contention that Plaintiff failed to raise a FMLA retaliation claim, the Court may properly determine that Plaintiff has abandoned any such claim and may dismiss such a claim without further notice. See., e.g., Holt v. United States, No 1:09-CV-122, 2010 WL 1286671, at *2 (M.D.N.C. Mar. 29, 2010) (Dixon, Mag. J.) ("Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice."), adopted, No. 1:09CV122, [Doc. #15] (M.D.N.C. Aug. 23, 2010); Wainwright v. Carolina Motor Club, Inc, No. 1:03 CV 1185, 2005 WL 1168463, at *13 (M.D.N.C. Apr. 27, 2005) (Sharp, Mag. J.) ("Plaintiff's failure to argue [a] claim is tantamount to abandonment of the claim."); see also Brand v. N.C. Dep't of Crime Control and Pub. Safety, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) ("In Plaintiff's brief in response to Defendants' motion for summary judgment, Plaintiff does not address . . . his hostile work environment claim. By failing to respond, Plaintiff concedes that he has not stated a hostile work environment claim."). Therefore, without any argument by Plaintiff on the issue of whether she has properly alleged a FMLA retaliation claim, the Court finds that Plaintiff has abandoned any such claim and will grant Defendant's Motion to Dismiss, to the extent it argues that Plaintiff has failed to state a FMLA retaliation claim.

        3.      Punitive and Emotional Distress Damages

Defendant has requested that the Court dismiss Plaintiff's claim for punitive and emotional distress damages, or in the alternative, strike the portion of the Complaint that requests such damages, to the extent Plaintiff makes such a request for her FMLA claim. Defendant argues that Plaintiff is precluded from pursuing punitive and emotional distress

damages for her FMLA claim. Defendant's position has merit. See Keene v. Rinaldi, 127 F. Supp. 2d 770, 772-73 and n.1 (M.D.N.C. 2000) (finding that the scope of damages for violations of the FMLA do not include punitive or emotional distress damages); Settle v. S.W. Rodgers, Co., 998 F. Supp. 657, 666 (E.D. Va. 1998) (same); see also Osborne v. Suminoe Textile of Am. Corp., No. 7:13-11-TMC-KFM, 2013 WL 2897053, at *6 (June 13, 2013) (dismissing claim for punitive damages as it related to the plaintiff's FMLA claim pursuant to the defendant's motion to dismiss). However, Plaintiff has asserted that she "has not pled an entitlement or demand for either punitive or emotional distress damages pursuant to FMLA." (Pl.'s Mem. in Opp'n to Def.'s Partial Mot. to Dismiss [Doc. #10], at 7.) Indeed, upon reviewing the Complaint, Plaintiff's request for punitive and emotional distress damages is limited to the portion of her Complaint that prays for her overall relief regarding any of her claims, and is not specific to her FMLA claim. (See Compl. at pp. 6-7.) As Plaintiff has asserted that she has not specifically requested punitive or emotional distress damages pursuant to her FMLA claim, the Complaint properly reflects Plaintiff's assertion, and such a request for damages may relate to claims, other than Plaintiff's FMLA claim, not currently before the Court on the instant Motion, the Court will deny Defendant's request to strike this portion of Plaintiff's prayer for relief. However, the Court accepts Defendant's position that Plaintiff cannot seek punitive or emotional distress damages for her FMLA claim and as such, the Court will dismiss Plaintiff's request for punitive or emotional distress damages, but only to the extent the Complaint can be construed as making such a request pursuant to her FMLA claim.

III. CONCLUSION

For the reasons set forth herein, the Court will grant in part and deny in part Defendant's Partial Motion to Dismiss. Specifically, the Court will deny Defendant's Partial Motion to Dismiss to the extent it argues that Plaintiff has failed to state a FMLA interference claim. The Court will grant Defendant's Partial Motion to Dismiss to the extent it argues that Plaintiff has failed to state a FMLA retaliation claim. Finally, the Court will grant Defendant's Partial Motion to Dismiss to the extent Defendant requests that the Court dismiss Plaintiff's request for punitive or emotional distress damages pursuant to her FMLA claim. However, the Court will deny Defendant's request to strike any request for punitive or emotional distress damages from the Complaint, as Plaintiff's request for such damages may relate to claims, other than the FMLA claim, that are not currently before the Court in the instant Motion.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. #5] is GRANTED IN PART AND DENIED IN PART. Specifically, Defendant's Partial Motion to Dismiss Plaintiff's FMLA interference claim is DENIED. Furthermore, Defendant's request to strike the portion of Plaintiff's prayer for relief that requests punitive or emotional distress damages is DENIED, as Plaintiff's request for such damages may relate to claims, other than the FMLA claim, that are not currently before the Court in the instant Motion. However, Defendant's Partial Motion to Dismiss Plaintiff's FMLA retaliation claim and Plaintiff's claim for punitive and emotional distress damages, but only to the extent Plaintiff's Complaint can be construed as making a request for such damages for her FMLA interference claim, is GRANTED.

This, the 25th day of July, 2014

_____
United States District Judge