IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MANDI MARIE ALEXANDER,               )
                                     )
Plaintiff,                           )
                                     )
v.                                   )    1:14-CV-0074
                                     )
CAROLINA FIRE CONTROL INC.,          )
                                     )
Defendant.                           )

**MEMORANDUM OPINION AND ORDER**

THACKER, Circuit Judge, sitting by designation

This case is brought by Mandi Marie Alexander ("Plaintiff") against Carolina Fire Control Inc. ("Defendant").[1] Plaintiff alleges interference with the rights afforded her by the Family and Medical Leave Act ("FMLA"). At the conclusion of Plaintiff's evidence, Defendant moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Because Plaintiff has not presented evidence sufficient to support her claim, Defendant's motion for judgment as a matter of law pursuant to Rule 50 is **GRANTED**.

I.

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally

---

[1] Defendant is owned by brothers Jeff and John Sossonman.

1

sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). As this Court has explained:

> This is also a "directed verdict" motion. "[W]hen considering a motion for a directed verdict, [the court] must view the evidence in the light most favorable to the non-moving party." In this analysis, "[t]he court . . . must [also] determine whether a reasonable trier of fact could draw only one conclusion from the evidence."

Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., No. 1:03-cv-00379, 2006 WL 1932574, at *2 (M.D.N.C. July 11, 2006) (alterations in original) (quoting Townley v. Norfolk & W. Ry. Co., 887 F.2d 498, 499 (4th Cir. 1989)).

A motion for a directed verdict should be granted "when any verdict in favor of the nonmoving party necessarily will be premised upon speculation and conjecture." Gairola v. Commonwealth of Va. Dept. of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985) (internal quotation marks omitted). So "[t]he question is not whether there is no evidence, but whether there is sufficient evidence upon which a jury can properly proceed to reach a verdict, although a mere scintilla of evidence is not enough to defeat a motion for a directed verdict." Id. (citations omitted).

II.

Plaintiff has alleged that Defendant interfered with her rights provided by the FMLA. Specifically, Plaintiff claims

2

Defendant discouraged her from exercising her right to leave under the FMLA.

Under the FMLA, an employee is entitled to twelve weeks of unpaid leave "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA also ensures the employee is restored to his or her previous position -- or an equivalent position -- after taking leave. See 29 U.S.C. § 2614(a)(1).[2]

It is unlawful under the FMLA for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" the right to leave. 29 U.S.C. § 2615(a)(1). To prevail on an interference claim, an employee must prove (1) she was entitled to an FMLA benefit; (2) her employer "interfered with the provision of that benefit"; and (3) "that interference caused harm" or prejudice. Adams v. Anne Arundel Cnty. Pub. Schs., No. 14-1608, 2015 WL 3651735, at *3 (4th Cir. June 15, 2015). Plaintiff's claim fails for want of

---

[2] To be eligible for FMLA leave, Plaintiff was required to notify Defendant of her need for the leave as soon as possible under the circumstances. See 29 C.F.R. § 825.303(a). The parties have stipulated that Plaintiff provided adequate notice to Defendant. Then, upon receiving Plaintiff's notice, Defendant was required to provide eligibility notice to Plaintiff. See 29 C.F.R. § 825.300(b). The parties have stipulated that Defendant provided appropriate notice to Plaintiff.

3

evidence sufficient for a reasonable jury to conclude her employer interfered with the provision of FMLA benefits -- the second element of her claim.[3]

Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). In her complaint, Plaintiff alleged that she "intended to have her physician complete the FMLA paperwork and to apply for intermittent FMLA. However . . . [she] was called into a meeting with Defendant's owners . . . and she was discouraged from completing the FMLA paperwork." Compl. ¶ 10, ECF No. 1. To "discourage" is to "prevent or seek to prevent (something) by showing disapproval or creating difficulties." New Oxford Am. Dictionary 496 (3d ed. 2010); accord Merriam-Webster's Collegiate Dictionary 357 (11th ed. 2011). Accounting for -- without citing -- this definition, other courts have concluded that interference or discouragement occurs when "an employer provides a powerful disincentive for taking FMLA leave." Coleman v. Blue Cross Blue Shield of Kan., 487 F. Supp. 2d 1225, 1245 (D. Kan. 2007). This includes, for example, forcing an employee to choose between resigning and

---

[3] All three elements must be proven in order for Plaintiff to meet her burden. Because she has failed to provide sufficient evidence to support the second element, this Court's discussion is confined to this element; it is unnecessary to discuss whether Plaintiff has provided sufficient evidence of the third element.

4

working without leave, telling an employee she would lose all accrued sick leave for taking FMLA leave, and denying FMLA leave outright. See id. 1245 n.61 (collecting cases); see also, e.g., Mardis v. Cent. Nat'l Bank & Trust of Enid, 173 F.3d 864, at *2 (10th Cir. 1999) (unpublished table decision) ("Informing an employee that she would be irrevocably deprived of all accrued sick leave and annual leave as a condition of taking leave under the FMLA would operate as a powerful disincentive to assertion of that employee's rights under the FMLA."). This is the nature of the conduct the FMLA seeks to prevent. See, e.g., 139 Cong. Rec. E323-01 (daily ed. Feb. 16, 1993) (statement of Rep. Thomas M. Barrett) ("This family oriented legislation ensures American workers that they have a job to come back to if they . . . experience serious illness in their family. . . . It is unfair to ask a parent or a spouse to chose between family obligations and their jobs.").

On the other hand, an employer does not interfere with an employee's FMLA rights when it offers benefits or leave options more beneficial than those provided by the FMLA. See Croy v. Blue Ridge Bread, Inc., No. 3:12-cv-00034, 2013 WL 3776802, at *8 (W.D. Va. July 15, 2013) (finding employers "cannot be punished for offering benefits greater than what is required under the FMLA" (emphasis omitted)). This is the kind of behavior that is favored and is not prohibited by the FMLA.

5

See Campbell v. Verizon Va., Inc., 812 F. Supp. 2d 748, 756 (E.D. Va. 2011) ("In adopting the FMLA, Congress explicitly provided that 'nothing in this Act . . . shall be construed to discourage employers from adopting . . . leave policies more generous than [those required] under this Act.'" (quoting 29 U.S.C. § 2653) (alterations in original)).

### III.

At this stage of her case, Plaintiff must provide more than merely her own bare claim that Defendant discouraged her from exercising her rights under the FMLA. She must prove it. Plaintiff must provide evidence of interference, of discouragement. Plaintiff has failed to provide this evidence. In fact, she has proved that her claim must fail as a matter of law.

Plaintiff claims Defendant discouraged her from exercising her FMLA rights. Specifically, Plaintiff testified that Jeff Sossoman said she "did not need to worry about completing the [FMLA] paperwork . . . and that we could work something out, a different plan that could involve everybody and accommodate everybody." Tr. of Trial Test. of Mandi Alexander vol. 1, 18:12-15. Plaintiff further testified that this plan allowed her to work remotely, which afforded her the time necessary to take care of her ailing son and ensured she would receive her full salary and benefits, which would not have been

6

available to her under the FMLA. Additionally, Plaintiff was not required to work 40 forty hours per week. In fact, she testified that, pursuant to the plan agreed to by Plaintiff and Defendant, Plaintiff was not required to work any set number of hours:

> Q. Was there any discussion about a minimum number of hours that you should be working?
>
> A. No. Jeff asked me to put in the hours that I could, work when I could, and no set amount was ever discussed. He was pretty open to just whenever I could get to it throughout my time around my son.

Id. at 21:1-6.

Based on her testimony, the sole basis of Plaintiff's interference claim is simply that she was told by Defendant that she did not need to fill out the FMLA paperwork and that they would come up with a plan where Plaintiff could take leave, care for her son, and receive her full salary. Further inquiry of Plaintiff revealed that Defendant did not attach negative consequences to or counsel against taking FMLA leave:

> Q. [Defendant] never actually told you that you shouldn't take FMLA, did they?
>
> A. Jeff Sossoman told me I did not need to fill out the FMLA paperwork.
>
> Q. That's the extent to what he said about that, according to you, correct?
>
> A. That is the extent of what he said.

7

> Q. He never told you if you filled out the FMLA paperwork it would in any way impact your job?
>
> A. No, he did not.
>
> Q. He didn't say if you filled out the FMLA paperwork his brother [John Sossoman] would be upset with you or there would be any ramifications?
>
> A. No, he did not.

Tr. of Trial Test. of Mandi Alexander vol. 1, 62:24-63:11. In subsequent testimony, Plaintiff reiterated that Defendant did not present her with negative consequences:

> Q. . . . . They never said that your job would be in jeopardy in any way, shape or form if you filled out the paperwork or took FMLA, correct?
>
> A. Correct, they did not.
>
> . . . .
>
> Q. So they never said they didn't want you to take FMLA, right? That's fair?
>
> A. Yes.

Tr. of Trial Test. of Mandi Alexander vol. 2, 16:6-17:1. In short, Plaintiff presented no evidence that Defendant pressured or discouraged her in any way with regard to her decision to take or not to take FMLA leave.

The crux of an interference claim is that the employee was discouraged from taking leave by being presented with negative consequences. See, e.g., Coleman, 487 F. Supp. 2d at

8

1245 n.61 (collecting cases); cf. 29 C.F.R. § 825.220(b). This is what the FMLA seeks to prohibit. In contrast, Plaintiff was given an option -- which she accepted -- that went beyond the protections of the FMLA. Further, Plaintiff testified that she was not presented with negative consequences that would flow from her invocation of the protections afforded by the FMLA.

Accordingly, viewing the evidence in the light most favorable to the nonmoving party (i.e., Plaintiff), this Court finds that Plaintiff has not presented sufficient evidence in support of her interference claim upon which the jury could properly proceed to reach a verdict. On this evidence, no reasonable juror could find in favor of Plaintiff, and Defendant is entitled to judgment as a matter of law.

IV.

In sum, Plaintiff failed to provide evidence sufficient for a reasonable jury to find in her favor. **IT IS THEREFORE ORDERED** that Defendant's motion for judgment as a matter of law is **GRANTED** and this action is **DISMISSED**. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This, the 24th day of July 2015.

Stephanie D. Thacker
United States Circuit Judge

9